## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

FASHANU IREWOLE OLUMAKINDE,

    Plaintiff,

    v.

BALTIMORE COUNTY DETENTION
CENTER,
OFFICERS OF THE CLASSIFICATION
DEPARTMENT OF BCDC and
SERGEANT AROWOROWON,

    Defendants.

Civil Action No. TDC-24-0943

### MEMORANDUM OPINION

Plaintiff Fashanu Irewole Olumakinde, a detainee previously confined at the Baltimore

County Detention Center ("BCDC") in Towson, Maryland, has filed this civil action pursuant to

42 U.S.C. § 1983 (""§ 1983") in which he alleges that Defendants failed to protect him from gang

members while he was detained at BCDC. Defendants BCDC, "Officers of the Classification

Department of BCDC," and Sergeant Aroworowon have filed a Motion to Dismiss the Amended

Complaint. Olumakinde was notified of his right to file a memorandum in opposition to the

Motion, but he has not done so. Having reviewed the submitted materials, the Court finds that no

hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to

Dismiss will be GRANTED IN PART and DENIED IN PART.

### BACKGROUND

In the operative Amended Complaint, Olumakinde alleges that on December 22, 2023,

while he was incarcerated at BCDC, he was assaulted by three gang members in Housing Unit 3B

and sustained injuries to the left side of his face and to his eyes that required medical treatment. Olumakinde reported the incident to BCDC correctional staff, and the gang members were sanctioned to restrictive housing.

On February 1, 2024, one of these assailants was transferred into the same dormitory within the same unit in which Olumakinde was located, Housing Unit "4T#3." Am. Compl. at 4, ECF No. 6. Olumakinde asserts that unnamed BCDC Classification Officers are responsible for his housing assignment.

On February 23, 2024, Olumakinde was transferred back to Unit 3B where he had been assaulted in December 2023. Before Olumakinde was reassigned to Unit 3B, he advised an unidentified sergeant that he "had keep separates on 3B" and feared for his safety. *Id*. at 5. Olumakinde also specifically advised Sgt. Aroworowon that he would be in danger if he were moved back to Unit 3B, but Sgt. Aroworowon threatened Olumakinde with lock-up if he did not accept his housing assignment. Olumakinde asserts that when he was placed back in Unit 3B, he suffered "severe mental breakdown and extreme panic attacks" and was subjected to humiliation because several inmates on the tier called him a "snitch" and a "bitch." *Id.* Some detainees entered his cell and spat on him and slapped him. Olumakinde asserts that he "was brutalized, physically abused, suffered severe mental and verbal abuse," that he "was extorted, humiliated and harassed on a daily basis," and that he feared for his life. *Id.* at 7. He also alleges that although he needed medical treatment for injuries sustained during this period, he was not provided with any treatment. Ultimately, Olumakinde was removed from Unit 3B because the gang members and their associates rioted and demanded that he be removed from the tier.

Olumakinde alleges that BCDC and unidentified Classification Officers at BCDC violated his constitutional rights by failing to place him in a safe environment. He also asserts that "Sgt.

2

Aroworowon could have prevented this traumatic experience if he listened to me when I voiced my fears and concerns." *Id*. at 5. Based on his alleged "mental, verbal, emotional and physical damage," Olumakinde seeks compensatory damages and injunctive relief. *Id*. at 7.

**DISCUSSION**

In their Motion, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6). Defendants argue that: (1) Olumakinde has failed to exhaust his administrative remedies; (2) Olumakinde has failed to state a plausible claim for relief as to any claim; and (3) Defendants are entitled to qualified immunity.

## I.    Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Legal conclusions or conclusory statements do not suffice. *Id*. A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

## II.    BCDC

Olumakinde names BCDC in this matter in name only and does not include any allegations against the facility. Moreover, BCDC is not a governmental entity, so it is not a "person" subject

to suit under § 1983, which imposes liability upon a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983; *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 688, 690-92 & n.53 (1978) (noting that for purposes of § 1983, a "person" includes individuals and "bodies politic and corporate"). A number of courts have held that a detention facility is not a "person" subject to suit under § 1983. *See Smith v. Montgomery Cnty. Corr. Facility*, No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Even if Olumakinde amended the complaint to assert a claim against Baltimore County, rather than BCDC, the claim would fail. Olumakinde makes no allegations, as required to state a § 1983 claim against a local government, that a Baltimore County official acted pursuant to a governmental custom or policy violating his constitutional rights. *See Monell*, 436 U.S. at 694. Therefore, the claims against BCDC will be dismissed. *See* 28 U.S.C. § 1915A(b) (stating that a court must screen a prisoner's complaint against a governmental entity or employee and dismiss any claims that fail to state a plausible claim for relief).

### III.    Exhaustion of Administrative Remedies

Defendants assert that Olumakinde's claims should be dismissed because he has failed to allege and establish that he exhausted available administrative remedies. Under the Prison

Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134 § 803, 110 Stat. 1321 (1996), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Defendants argue that dismissal is warranted based Olumakinde's failure to comply with a Maryland state statute that provides that "[w]hen a prisoner files a civil action, the prisoner shall attach to the initial complaint proof that administrative remedies have been exhausted." Md. Code Ann., Cts. & Jud. Proc. § 5–1003(b)(1) (LexisNexis 2020). This provision further provides that if a prisoner's complaint does not include such proof, the court should dismiss the complaint. *See id.* § 5–1003(b)(3).

Defendants' argument misapprehends the relevant legal standard. The cited Maryland state statute is not applicable to complaints filed in federal court. In federal court, exhaustion of administrative remedies is an affirmative defense, such that a prisoner plaintiff has no obligation to plead facts or attach to a complaint specific proof of such exhaustion. *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007). Rather, a defendant invoking this affirmative defense must identify or provide evidence establishing the failure to exhaust administrative remedies. *See id.*; *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). Under this standard, defendants seeking dismissal based on a failure to exhaust administrative remedies ordinarily file a motion for summary judgment and attach proof of such a failure, which may include, as applicable, a copy of the relevant administrative grievance policy, relevant prison records of any grievances filed by the prisoner

5

relating to the claim in the complaint, and an affidavit or declaration from a prison official attesting to the fact that the official reviewed the relevant files and found that there was no record that the prisoner had filed an administrative grievance or completed all levels of appeal. Here, however, Defendants have provided no such evidence. Accordingly, the Motion will be denied without prejudice as to the issue of exhaustion of administrative remedies. If warranted, Defendants may file a motion for summary judgment on this issue and submit appropriate evidence.

## IV.    Failure to State A Claim

Defendants also assert that this case should be dismissed because Olumakinde has failed to allege a plausible claim for relief. Although Defendants rely in part on an incident report attached to the Motion, the Court may not consider such an exhibit because it is not integral to the complaint. Fed. R. Civ. P. 12(d); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The Court therefore considers only the Amended Complaint itself.

Olumakinde brings this civil rights action pursuant to 42 U.S.C. § 1983, under which a plaintiff must establish: (1) a deprivation of "a right secured by the Constitution and laws of the United States"; and (2) that the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally Olumakinde alleges that Defendants failed to protect him from harm caused by gang members at BCDC, in violation of his constitutional rights. Where it appears that Olumakinde was a pretrial detainee at the time of the relevant events, his claim is properly construed as an alleged violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). For a Fourteenth Amendment claim based on a failure to protect a pretrial detainee from a serious risk of harm, a plaintiff need only allege that "on [a] purely objective basis . . . the 'governmental action' they challenge is not 'rationally related to a legitimate nonpunitive governmental purpose'

6

or is 'excessive in relation to that purpose.'" *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Pretrial detainees need not demonstrate that prison officials possessed any subjective deliberate indifference to the risk of harm but instead need only allege sufficient facts to show that the defendant's action or inaction was "objectively unreasonable" in that "the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* at 611 (citations omitted). Nevertheless, negligence or "accidentally fail[ing] to do right by the detainee" is insufficient to establish a Fourteenth Amendment violation. *Id.* at 611-12.

In the Amended Complaint, Olumakinde asserts that after he had been previously assaulted by gang members in Unit 3B in December 2023, he was returned to that unit in late February 2024, where he was "brutalized, physically abused, suffered severe mental and verbal abuse," and "was extorted, humiliated, and harassed on a daily basis." Am. Compl. at 6-7. He specifically alleges that before the move, he told Sgt. Aroworowon, as well as another unidentified sergeant, that he had orders in place to be kept separate from these gang members, and that he feared for his safety if he was moved back to Unit 3B, but Sgt. Aroworowon "blatantly ignored me and threatened me with restricted housing." *Id.* at 5. Construing the allegations in the light most favorable to Olumakinde, he has plausibly alleged a Fourteenth Amendment claim for a failure to protect him from a threat to his safety because he has alleged that Defendants were aware of an unjustifiably high risk that he would be assaulted again if he were returned to Unit 3B but nevertheless returned him to be harmed again by the gang members. The Motion will be denied because the Court finds that the Amended Complaint has sufficiently stated a Fourteenth Amendment claim.

## V.    Qualified Immunity

Finally, Defendants argue that they are entitled to qualified immunity. Under this doctrine, "§ 1983 actions against government officials in their individual capacities" are barred "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time.'" *Barrett v. PAE Gov't Servs., Inc.*, 975 F.3d 416, 428 (4th Cir. 2020) (quoting *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018)). In arguing for qualified immunity, Defendants make no claim that, pursuant to the second prong, it was not clearly established at the time of these events that the Fourteenth Amendment is violated when a correctional officer fails to protect a pretrial detainee from a known risk of serious harm by placing him in the same housing unit as other inmates known to pose a threat to his physical safety, such as gang members who have previously assaulted him. Rather, Defendants argue only that, pursuant to the first prong, Olumakinde has not sufficiently alleged a Fourteenth Amendment violation because Defendants "had no knowledge of a specific threat posted to Plaintiff." Mot. Dismiss at 5, ECF No. 13-1. Where, as discussed above, the Court has found that Olumakinde has stated a viable Fourteenth Amendment failure-to-protect claim, and the issue of knowledge of a threat is a factual dispute not properly resolved at this early stage, the Motion will be denied as to the qualified immunity argument.

8

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be GRANTED IN PART and DENIED IN PART in that the claims against BCDC will be dismissed, and the Motion will be otherwise denied.  A separate Order shall issue.

Date:  December 6, 2024



THEODORE D. CHUANG
United States District Judge

9